**TEXACO-CITIES SERVICE PIPE LINE COMPANY**

v.

**UNITED STATES.**

No. 207-56.

United States Court of Claims.

March 4, 1959.

James F. Birmingham, New York City, for plaintiff.

Harold S. Larsen, Washington, D. C., with whom was Charles K. Rice, Asst. Atty. Gen., James P. Garland and David A. Wilson, Jr., Washington, D. C., on the briefs, for defendant.

FAHY, Circuit Judge, sitting by designation.

Plaintiff sued for refund of $13,156.-94, plus statutory interest, representing payment of federal income taxes and interest for the year 1945. The basic facts are stipulated. The legal question is whether for the year 1945 plaintiff was entitled to deduct as a business ex-

pense, under 26 U.S.C. § 23 (1952), certain vacation payments actually made to its employees during 1945, and, in addition, amounts representing vacation pay which accrued that year.

Prior to 1945 an employee would lose the right to vacation pay which he otherwise would receive if he voluntarily resigned, was discharged for cause or failed to take his vacation before retirement. Further, no vacation compensation was paid to the estates of employees who had died without having taken the vacation. In March 1945, effective January 1 of that year, the plan was changed. Under the new plan an employee is entitled to pay for a vacation accrued notwithstanding his service is terminated due to permanent lay-off, voluntary resignation, involuntary resignation due to sickness, or discharge, except for dishonesty. The estate of an employee who dies also obtains vacation monies "equal to the amount the deceased would have received as vacation pay had the accrued vacation been taken. * * *"

Although plaintiff used the accrual method of accounting in its income tax returns prior to 1945 it did not claim vacation pay deductions on an accrual basis for the years through 1946. It deducted only payments made during the tax year. In 1947 the Internal Revenue Service announced that taxpayers in general on certain conditions could deduct an accrual for vacation pay. Accordingly, in its return for that year plaintiff claimed for the first time a deduction for vacation payments made during 1947 and, in addition, the amount that accrued as a liability for 1947. There followed an audit by the Internal Revenue Service covering plaintiff's returns for the years 1943–47 inclusive. In its audit the Service not only disallowed the deduction for payments actually made in 1947 but also disallowed all similar deductions for the years 1943–46, contending that both prior and subsequent to the 1945 amendment plaintiff should have reported vacation deductions on an accrual basis rather than on the paid-out basis actually employed.

In the readjustments incident to its accrual method of calculation the Service found some increases in the allowable deductions for 1943 and 1944, and also for 1945 insofar as accruals alone were concerned. But the total deductions claimed by taxpayer for 1945, the first year of operations under the new plan, exceeded the Service computations due to taxpayer's claim of deductions for payments actually made that year under the old plan as well as those accrued under the new.

The question comes down to whether prior to the 1945 amendment the liability of plaintiff for vacation pay was so fixed and certain as necessarily to require deduction each year on an accrual basis. We think not, in the absence of any regulation so prescribing. As previously noted, payment to an employee was not to be made under the old plan if, after qualifying for vacation pay, the employee voluntarily resigned, was discharged for cause, failed to take his vacation before retirement, or died before taking his vacation. Plaintiff construes these provisions as conditions precedent to any liability on its part, that is, the employee was required to be in the employ of the employer at the time of the scheduled vacation: until this condition was met there was no liability which would warrant taking a deduction on an accrual basis. While in the several court decisions cited to us by the parties statements may be found which might be advanced on both sides of this question, we think plaintiff's position is a reasonable one.

"When * * * the obligation to pay is contingent upon the happening of some future event, there is no certainty that it will be paid or will accrue." Helvering v. Russian Finance & Construction Corp., 2 Cir., 1935, 77 F.2d 324, 327. And in Tennessee Consolidated Coal Co., 1950, 15 T.C. 424, the court disallowed deductions for vacation pay on an accrual basis because the taxpayer's liability was not absolute, stating, "Liabil-

**646**

ity for payment in the instant case depended on a condition precedent, i. e., whether or not the miners, individually, were working for the company on the date [of the proposed payments] required in the contract. * * * " Here the original plan required no less. Moreover, it was reasonable for plaintiff to conclude that under the original vacation plan its income would be more clearly reflected, see §§ 41 and 43 of the Internal Revenue Code of 1939, 26 U.S.C. §§ 41, 43, by deducting only vacation payments actually made.

It is noted that in 1958 the Internal Revenue Service in its Rev.Rul. 58–340, 1958 Int.Rev.Bull. No. 28, at 19, ruled:

"Accrual-method taxpayers who have been deducting vacation pay on a paid basis and who adopt completely vested vacation pay plans may deduct, in the taxable year in which they adopt such a plan, payments made during such taxable year under the old plan as well as vacation pay accrued at the end of such taxable year under the new vested plan."

Although, of course, this ruling was not in effect at times here relevant, it is present approval of the course adopted by plaintiff at an earlier period.

While, as we have indicated, the case is not free of doubt, we are constrained to hold that the plaintiff was justified in not utilizing the accrual system in taking its deductions for vacation pay prior to the 1945 amendment. After the amendment, which eliminated the uncertainty, plaintiff in the transition year 1945 should be permitted to deduct the payments made in that year plus an amount representing the liability accrued at the end of the year.

Plaintiff is therefore entitled to recover with interest thereon as provided by law, and judgment will be entered to that effect. The amount of recovery will be determined pursuant to Rule 38(c), 28 U.S.C.

JONES, Chief Judge, and LARAMORE, MADDEN, and WHITAKER, Judges, concur.